***********
The Full Commission reviewed the Order of Removal and Withdrawal, based upon the record of the proceedings before Deputy Commissioner Phillips. The appealing party has shown good ground to reconsider the evidence. The Full Commission reverses the Deputy Commissioner's Order of Removal and Withdrawal and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in a pretrial agreement, incorporated herein by reference, and at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are properly denominated in the caption of this claim.
2. An employee/employer relationship existed at the time of the accident giving rise to this claim.
3. Gallagher Bassett Services, Inc., is the third-party administrator, as the employer is self insured.
4. As of the date of the accident, the parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
5. All parties are properly before the Commission for hearing and the Commission has jurisdiction of the parties and the subject matter.
6. The date of the accident giving rise to this claim was July 24, 1992, and such accident took place in Wilson, North Carolina.
7. Plaintiff contends the issues before the Commission are:
a. Whether plaintiff is totally and permanently disabled as a result of the alleged accident; and,
b. Whether plaintiff, thorough her vocational rehabilitation effort, exhausted all reasonable means of locating suitable employment.
8. Defendants contend the issues before the Commission are:
a. Whether plaintiff is required to submit to a medical examination to determine her current work limitations; and,
b. Whether there is an issue for the Industrial Commission to determine at the present time.
9. Plaintiff's time logs and all vocational reports can be received into evidence without further proof, and can be considered by the Industrial Commission in reaching a determination as to the issues in this case.
10. All Industrial Commission forms and Orders can be received into evidence without further proof, and can be considered by the Industrial Commission in reaching a determination as to the issues in this case.
 ***********
Based upon the credible evidence of record and reasonable inferences drawn therefrom, the Full Commission finds as fact the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was 69 years old, and had completed the eighth grade. Plaintiff has not obtained a GED, and does not have any other degrees or certifications.
2. Plaintiff began her employment with defendant in May 1979.
3. Plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer on July 24, 1992. This accident resulted injuries to plaintiff's back, legs, and arm.
4. Plaintiff attempted to return to work for defendant-employer on three occasions; however, her attempts were not successful.
5. Plaintiff's treating physician, Dr. Lestini, performed surgery on plaintiff's back. Dr. Lestini gave plaintiff work restrictions of no lifting more than ten pounds; frequent postural changes; and limited bending, stooping, and squatting. Dr. Lestini gave plaintiff a 15% impairment rating to her back.
6. A Form 21, Agreement for Compensation and Disability, was approved by the Commission on December 20, 1992, in which defendants agreed to provide disability compensation at the rate of $320.79 per week beginning September 29, 1992, and continuing as necessary. A Form 26, Supplemental Memorandum of Agreement as to Payment of Compensation, was approved by the Commission on September 9, 1993, in which defendants agreed to continue providing disability payments at the same rate.
7. Defendants have sponsored extensive vocational rehabilitation efforts for plaintiff. From August 28, 2000, until November 2002, Genex Services provided vocational rehabilitation services. Plaintiff testified that under the supervision of Genex, plaintiff completed 310 job searches without locating employment.
 ***********
Based upon the foregoing findings of fact, the Full Commission reaches the following:
 CONCLUSION OF LAW
1. An employee is totally and permanently disabled if she is unable to earn the same wages that she had earned before his injury. The employee may meet this burden in one of four ways: (1) the production of medical evidence that she is physically or mentally, as a consequence of the work related injury, incapable of work in any employment; (2) the production of evidence that she is capable of some work, but that she has, after a reasonable effort on her part, been unsuccessful in her effort to obtain employment; (3) the production of evidence that she is capable of some work but that it would be futile because of preexisting conditions, i.e., age, inexperience, lack of education, to seek other employment; or (4) the production of evidence that he has obtained other employment at a wage less than that earned prior to the injury. Russell v. Lowes Prod.Distrib., 108 N.C. App. 762, 425 S.E.2d 454 (1993). In the present case, the evidence of record shows that plaintiff has made extensive efforts to find employment, but has been unsuccessful. Moreover, it would be futile for plaintiff to continue searching for employment given her advanced age, and lack of education. For these reasons, the Full Commission finds plaintiff to be totally and permanently disabled pursuant to N.C. Gen. Stat. § 97-29. Id.
2. Because plaintiff is found to be totally and permanently disabled, she is entitled to receive total and permanent disability compensation at the rate of $320.79 per week beginning May 9, 1993, and continuing until her death. N.C. Gen. Stat. § 97-29.
3. Plaintiff is entitled to all medical treatment resulting from her compensable injury to the extent that such treatment is designed to effect a cure, give relief, or lessen this period of disability. N.C. Gen. Stat. §§ 97-2(19) and 97-25.
4. Defendants are entitled to a credit for any temporary total disability benefits paid to plaintiff from May 9, 2003, until the commencement of payment for the total and permanent disability compensation awarded herein. N.C. Gen. Stat. § 97-42.
 ***********
Based on the foregoing findings of fact and conclusion of law, the Full Commission enters the following:
 AWARD
1. Defendants shall pay to plaintiff total and permanent disability compensation at the rate of $320.79 per week beginning May 9, 1993, and continuing until her death, subject to the attorney's fee awarded herein.
2. Defendants shall provide medical treatment resulting from plaintiff's compensable injury to the extent that such treatment is designed to effect a cure, give relief, or lessen this period of disability.
3. Defendants shall receive a credit for any temporary total disability benefits paid to plaintiff from May 9, 2003, until the commencement of payment for the total and permanent disability compensation awarded herein.
4. Defendants shall pay directly to plaintiff's counsel a reasonable attorney's fee in the amount of 25% of the disability compensation awarded to plaintiff herein, subject to the credit as provided in paragraph 3 of this award.
This 15th day of March 2004.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/_____________ PAMELA T. YOUNG COMMISSIONER